﻿Citation Nr: AXXXXXXXX
Decision Date: 12/31/19 Archive Date: 12/30/19

DOCKET NO. 190110-2231
DATE: December 31, 2019

ORDER

Entitlement to service connection for bilateral hearing loss is granted. 

Entitlement to service connection for tinnitus is granted.

FINDINGS OF FACT

1. The evidence is at least in equipoise as to whether the Veteran’s bilateral hearing loss is related to his service.

2. The evidence is at least in equipoise as to whether the Veteran’s tinnitus is related to his service.

CONCLUSIONS OF LAW

1. The criteria for service connection for bilateral hearing loss have been met. 38 U.S.C. §§ 1110, 1131, 5107; 38 C.F.R. § 3.102, 3.303, 3.307, 3.309, 3.385 (2018).

2. The criteria for service connection for tinnitus have been met. 38 U.S.C. §§ 1110, 1131, 5107; 38 C.F.R. § 3.102, 3.303, 3.307, 3.309.

REASONS AND BASES FOR FINDINGS AND CONCLUSIONS

The Veteran had active duty from June 1972 to June 1976.

On August 23, 2017, the President signed into law the Veterans Appeals Improvement and Modernization Act, Pub. L. No. 115-55 (to be codified as amended in scattered sections of 38 U.S.C.), 131 Stat. 1105, also known as the Appeals Modernization Act (AMA). This law creates a new framework for Veterans dissatisfied with VA’s decision on their claim to seek review. The Board is honoring the Veteran’s choice to participate in VA’s test program, RAMP, the Rapid Appeals Modernization Program.

The Veteran selected the Higher-Level Review lane when he submitted the RAMP election form. Accordingly, the September 2018 RAMP rating decision considered the evidence of record as of the date VA received the RAMP election form. The Veteran timely appealed this RAMP rating decision to the Board and requested the Direct Review, a process in which the Board reviews evidence of record at the time of the prior decision.

Service Connection

Service connection may be granted for a disability resulting from disease or injury incurred in or aggravated by active service. 38 U.S.C. §§ 1110, 1131. Generally, the evidence must show: (1) the existence of a present disability; (2) in-service incurrence or aggravation of a disease or injury; and (3) a causal relationship between the present disability and the disease or injury incurred or aggravated during service. Shedden v. Principi, 381 F.3d 1163, 1166 -67 (Fed. Cir. 2004); Caluza v. Brown, 7 Vet. App. 498, 505 (1995).

Certain chronic diseases, such as organic diseases of the central nervous system such as sensorineural hearing loss and tinnitus, are subject to presumptive service connection if manifest to a compensable degree within one year from separation from service even though there is no evidence of such disease during the period of service. This presumption is rebuttable by affirmative evidence to the contrary. 38 U.S.C. §§ 1112, 1113; 38 C.F.R. §§ 3.307(a)(3), 3.309(a).

Regulations also provide that service connection may be granted for a disability diagnosed after discharge, when all the evidence, including that pertinent to service, establishes that the disability is due to disease or injury which was incurred in or aggravated by service. 38 C.F.R. § 3.303(d).

The analyses below focus on the most salient and relevant evidence and on what this evidence shows or fails to show. The Veteran should not assume that the Board has overlooked pieces of evidence that are not specifically discussed herein. Timberlake v. Gober, 14 Vet. App. 122 (2000). The law requires only that the Board provide reasons for rejecting evidence favorable to the Veteran.

1. Service connection for bilateral hearing loss.

2. Service connection for tinnitus

The Veteran contends that he has bilateral hearing loss and tinnitus caused by noise exposure during active duty. The Board finds the evidence is in relative equipoise concerning these claims.

A hearing loss disability for VA compensation purposes is defined by regulation and impaired hearing is considered to be a disability when the auditory threshold in any of the frequencies 500, 1000, 2000, 3000, or 4000 Hertz is 40 decibels or greater; or when the auditory thresholds for at least three of the frequencies 500, 1000, 2000, 3000, or 4000 Hertz are 26 decibels or greater; or when speech recognition scores using the Maryland CNC Test are less than 94 percent. 38 C.F.R. § 3.385.

The medical evidence of record establishes that the Veteran has current disabilities of bilateral hearing loss (as per 38 C.F.R. § 3.385) and tinnitus. Additionally, the Veteran reported that, during active service, he was exposed to small arms fire on the firing range and helicopter noises during transports. After being on the range, his hearing was muffled for several hours but eventually returned. He stated that, about midway through his tour in the Republic of Korea, his ears developed tinnitus which persists today. Hearing protection was only somewhat available at the time and was seldom used, as it was not widely enforced. He denied post-service occupational or recreational hazardous noise exposure. 

Service medical records show that the Veteran’s hearing did shift during service, but was still considered “within normal limits.” Other service examinations of record that do not show names or dates of testing indicate that some levels stayed the same but that some frequencies shifted up to 20 decibels on from one test to the other.

The Board concedes the Veteran’s in-service noise exposure, as it is consistent with his duties. In short, the requirements for elements (1) and (2) of Shedden are met. Thus, the Board must determine element (3) of Shedden, whether the evidence is sufficient to show a link, or nexus, between the Veteran’s current hearing loss and tinnitus, and his active service.

In correspondence received in February 2015, the Veteran’s treating audiologist opined that overall test results revealed a moderate to profound sensorineural loss in the right and left ears, respectively. Based on these hearing level findings, it was his opinion that support for military noise exposure, as a direct cause, of the Veteran’s hearing loss and tinnitus did exist.

The August 2015 VA examiner opined that the Veteran’s bilateral hearing loss was less likely as not caused by acoustic trauma sustained during military service. The rationale was that the hearing testing conducted at enlistment and at discharge showed no significant threshold shift. The examiner further opined that the Veteran’s tinnitus was less likely as not related to noise exposure or acoustic trauma incurred in military service, based on the rationale that the Veteran reported the onset of tinnitus years after his separation and that tinnitus can have a multitude of causes, not necessarily related to military noise exposure. 

In correspondence received by VA in January 2016, the Veteran clarified that his tinnitus did not begin in the 1980’s, but rather started during his active service in Korea and then became significantly worse during the 1980’s.

In a VA addendum opinion of April 2018, an additional VA examiner opined that the Veteran’s claimed tinnitus is less likely as not related to noise exposure in service. While slight shifts in hearing are noted from the Veteran’s entrance in 1972, the first available evidence of hearing loss in the Veteran’s record was in 2015 (from the private audiologist). While the Veteran has reported the onset of tinnitus during service, no evidence of this has been found in review of his service records, and, in the absence of objectively verifiable noise injury, the association between claimed tinnitus and noise exposure cannot be assumed to exist. 

The Board acknowledges the VA examiners’ opinions that the Veteran’s hearing loss and tinnitus were less likely than not caused by his service, based on the rationale that he did not have hearing loss in service. However, an opinion based on the Veteran’s normal hearing during service is of limited probative value as the absence of a hearing loss disability in service is not in and of itself fatal to a claim for service connection for bilateral hearing loss. Ledford v. Derwinski, 3 Vet. App. 87, 89 (1992). Further, the Board finds the Veteran’s lay statements that he experienced hearing loss and tinnitus during service, and the opinion of the private audiologist that the Veteran’s hearing loss and tinnitus are related to his active service, to be competent and credible.

In view of the totality of the evidence, including the recognition of in-service noise exposure, current finding of sensorineural hearing loss and tinnitus, and the credible private opinion and lay assertions of record, the Board finds the evidence is at least in relative equipoise regarding these issues. When the evidence is in relative equipoise, the benefit of the doubt doctrine provides that such reasonable 

(CONTINUED ON NEXT PAGE)

doubt will be resolved in favor of the Veteran. 38 U.S.C. § 5107(b); 38 C.F.R. § 3.102. Service connection for bilateral hearing loss and tinnitus is warranted. 

 

 

THERESA M. CATINO

Veterans Law Judge

Board of Veterans’ Appeals

Attorney for the Board Department of Veterans Affairs

The Board’s decision in this case is binding only with respect to the instant matter decided. This decision is not precedential, and does not establish VA policies or interpretations of general applicability. 38 C.F.R. § 20.1303.